Reid v City of New York (2019 NY Slip Op 00178)





Reid v City of New York


2019 NY Slip Op 00178


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Webber, Kahn, JJ.


8072 107724/09

[*1]Kobe Reid, et al., Plaintiffs-Respondents,
v
The City of New York, et al., Defendants, Aguila, Inc., Defendant-Appellant.


Correia, King, Fodera, McGinnis & Liferiedge, New York (Kevin J. McGinnis of counsel), for appellant.
Krieger, Wilansky & Hupart, Bronx (Brett R. Hupart of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, III, J.), entered May 1, 2017, which denied defendant Aguila's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The injured plaintiff alleges that he tripped on a defect on a landing and fell down a staircase while residing in a hotel used as transitional housing for homeless families. Defendant Aguila argues it did not owe any duty of care to plaintiff because, at the time of the accident, it did not occupy, control or make special use of the premises (see Balsam v Delma Eng'g Corp., 139 AD2d 292, 296-297 [1st Dept 1988], app dismissed in part, denied in part 73 NY2d 783 [1988]). However, the evidence submitted by Aguila in support of its motion, including a contract between Aguila and the City, was insufficient to demonstrate it lacked "any authority to maintain or control the area in question, or to correct any unsafe condition" (Gibbs v Port Auth. of N.Y., 17 AD3d 252, 254 [1st Dept 2005]; cf. Jackson v Board of Educ. of City of N.Y., 30 AD3d 57, 60 [1st Dept 2006]). Although Aguila's employee testified that co-defendant Lades Group was solely responsible for maintenance, that employee did not know who owned the premises and neither she nor the City's witness was personally familiar with the contract, if any, under which Aguila operated at the premises at the time of the accident. Thus, Aguila failed to meet its prima facie burden on the motion for summary judgment (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The motion court also properly denied the motion on the alternate basis that the motion was premature because neither Aguila nor defendant City had provided full responses to discovery demands pertinent to the issues of ownership, control and maintenance of the premises (CPLR 3212[f]; Marabyan v 511 W. 179 Realty Corp., 165 AD3d 581 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK